UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Henry Earl Miller, ) | |
| ) | |
| Petitioner, ) | Cr. No.: 6:04-cr-00022-GRA-3 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | (Written Opinion) |
| ) | |
| Respondent. ) | |

This matter comes before this Court on Petitioner Henry Earl Miller's ("Petitioner's") *pro se* Motion for Reconsideration of this Court's September 7, 2007 Order dismissing Petitioner's Motion pursuant to 28 U.S.C. § 2255. ECF No. 728; C/A No. 6:06-cv-00548-GRA at ECF No. 78. For the reasons stated below, this Motion is DENIED.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Petitioner moves for relief from final judgment pursuant to Federal Rules of Civil Procedure Rule 60(b).[1] The United States Court of Appeals for the Fourth Circuit has held that certain Rule 60(b) motions *must* be treated as successive § 2255 petitions pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Under the AEDPA, petitioners are barred from filing second or successive habeas corpus petitions without first "obtain[ing] authorization from the appropriate court of appeals." *Winestock*, 340 F.3d at 205. Absent authorization from the court of appeals, the district court lacks jurisdiction to consider a second or successive § 2255 petition. *Id.* In order to distinguish a "proper Rule 60(b) motion from a 'successive [application] in 60(b)'s clothing'" a district court should consider whether the motion "directly attack[s] the prisoner's conviction or sentence" or whether it "seek[s] a remedy from some defect in the collateral review process." *Id.* at 207 (quoting *Lazo v. United States*, 314 F.3d 517, 573 (11th Cir. 2002) (per curiam)). A motion that directly attacks the sentence should be construed as a successive § 2255 petition, whereas a motion that seeks to remedy a defect in the collateral review process should be treated as a true Rule 60(b) motion. *Id.*

Petitioner bases his Motion on *Rosemond v. United States*, No. 12–895, 2014 WL 839184 (U.S. Mar. 5, 2014). ECF No. 728. This case was decided on March 5,

---

[1] Petitioner fails to specify whether he seeks reconsideration of the court's previous Order pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Petitioner filed his motion outside of the 28 day limitation provided in Rule 59(e). Fed. R. Civ. P. 59(e). Therefore, this Court construes Petitioner's Motion as properly made pursuant to Rule 60(b).

2014, well after this Court denied Petitioner's initial § 2255 Motion on September 7, 2007. The Fourth Circuit has held that "new legal arguments . . . usually signify that the prisoner is not seeking relief under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Winestock*, 340 F.3d at 207. Therefore, Petitioner's claim, which directly attacks his sentence based on a new Supreme Court ruling, is not a Rule 60(b) motion but rather a successive § 2255 motion. Petitioner has not alleged that he has received pre-filing authorization from the Fourth Circuit. Therefore, this Court is without jurisdiction to hear this successive § 2255 Motion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration is DISMISSED. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  24 , 2014
Anderson, South Carolina

---

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").