IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:04-cr-00022-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Henry Earl Miller, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court pursuant to Henry Earl Miller's ("Defendant") "Fed. R. Civ. P. 60(b)(1) and 59(e) motions to reconsider, alter, or amend the court's June 1, 2017 order" (ECF No. 846) and "Motion to Reconsider, Alter, or Amend the Court's June 7, 2017 Order (ECF No. 850) (hereinafter "Motions for Reconsideration"). For the reasons that follow, the court **DENIES** Defendant's Motions for Reconsideration.

## I. BACKGROUND

On February 10, 2004, Defendant was indicted for his role in two robberies in South Carolina. (ECF No. 27.) Following a guilty plea, Defendant was convicted of numerous counts relating to the robberies and sentenced to a term of 300 months in prison. (*See* ECF Nos. 175, 220.) Following his sentencing, Defendant began to pursue post-conviction relief through the filing of over 100 motions in this court, a federal district court in Mississippi, and the courts of appeals for both the Fourth and Fifth Circuits. On June 1, 2017 and June 7, 2017, this court entered two text orders (ECF Nos. 836, 842) denying eight recent post-judgment motions Defendant had filed in this court (ECF Nos. 780, 782, 784, 789, 796, 812, 813, 814). The court denied these motions for two reasons. First, the court concluded that Defendant had filed the motions in violation of Judge G. Ross Anderson, Jr.'s previously entered order pursuant to *Graham v. Riddle*, 554 F.3d 133, 135

1

(4th Cir. 1977), which enjoined Defendant from "filing further frivolous, vexatious, and repetitive claims and motions relating to the validity of his 2005 conviction, including future 28 U.S.C. §§ 2255 and 2241 claims" relating to subject matter "involving the validity of the Defendant's conviction or sentence." (ECF No. 649 at 6.) Second, the court denied Defendant's motions because the arguments raised in them had already been addressed in decisions by this court, the Fourth Circuit, and the Fifth Circuit.

Defendant filed the instant Motions for Reconsideration asserting two errors in the court's June 1, 2017 and June 7, 2017 Orders. (ECF Nos. 846, 850.) First, Defendant argues that the *Kastigar*[1] issues raised in his eight motions have yet to be "decided by this court or any other Federal Court." (ECF No. 850 at 2.) Specifically, he asserts that this court unjustly disposed of his arguments that the Fifth Circuit breached his plea agreement by using his "immunized statements to deny him relief under *Rosemond v. United States*, 134 S. Ct. 1240 (2014)." (ECF No. 780.) Specifically, Defendant asserts that the Fifth Circuit breached Defendant's plea agreement with the government by incorporating portions of the record into the "Facts" section of its opinion in *Miller v. Fisher*, 658 F. App'x 696, 697 (5th Cir. 2016), and by using facts from Defendant's guilty plea hearing and Pre-Sentence Investigation Report ("PSR") in explaining its opinion. Thus, he argues that both this court's June 1, 2017 and June 7, 2017 Orders denying his motions constitute manifest injustice since all of Defendant's "motions focused exclusively on the Government's material breach of their use immunity/*Kastigar* agreement." (ECF No. 846 at 3.)

---

[1] *Kastigar v. United States*, 406 U.S. 441, 442, (1972) (holding that it is consistent with the Fifth Amendment right against self-incrimination for the government to compel a defendant's testimony in exchange for use and derivative immunity).

Second, Defendant asserts that both the court's June 1, 2017 and June 7, 2017 Orders contained "manifest errors of facts, specifically that [Defendant]'s [m]aterial breach claim was repetitive and had already been decided by the court." (*Id.* at 2.) Defendant claims that the court acted beyond the confines of Judge Anderson's *Riddle* Order (ECF No. 649) in construing his motions as being covered by the Order and that the court used the Order to "procedurally bar [Defendant]'s new, non-repetitive, and meritorious claim…." (ECF No. 846 at 3).

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration. However, the Rules and federal case law do recognize such motions can be proper in a criminal setting. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter,* 429 U.S. 6, 8 (1979) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010))). The court then looks to the Federal Rules of Civil Procedure for guidance. A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not previously available; or (3) a clear error of law or a manifest injustice in the court's decision. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). In general, reconsideration under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al.,

3

*Federal Practice and Procedure* § 2810.1 (3d ed. 2012)).

### III. ANALYSIS

In looking to Defendant's motion, it is clear that he has not argued that there is either a change in controlling law or new evidence that was previously unavailable. Defendant's argument appears to be asserted under the principle adopted by some courts that a motion for reconsideration should be granted upon a showing of certain circumstances constituting manifest injustice. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *Beyond Sys., Inc. v Kraft Foods, Inc.*, 2010 U.S. Dist. LEXIS 78689, at *2. (D. Md. Aug. 4, 2010). "Manifest injustice occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension.'" *Sanders v. Wal-Mart Stores E., LP*, 2016 U.S. Dist. LEXIS 143250, at *3 (D.S.C. Oct. 17, 2016) (ellipsis omitted) (quoting *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012)). A patent misunderstanding or misapprehension of the facts or arguments, so as to warrant a finding of manifest injustice, occurs only where such error was indisputably obvious and apparent from the face of the record. *See In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) ("A party may only be granted reconsideration based on manifest injustice if the error is 'apparent to the point of being indisputable.' In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be 'so patently unfair and tainted that the error is manifestly clear to all who view it.'" (internal citations and brackets omitted) (quoting *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 U.S. Dist. LEXIS 116229, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011); *Conway v. A.I. duPont Hosp. for Children*, 2009 U.S. Dist. LEXIS 45198, 2009 WL 1492178, at *6 n.8 (E.D. Pa. May 26, 2009))).

A.     Defendant's Repetitive Claims

Although Defendant has not previously referenced *Kastigar* by name, he has previously asserted legal theories similar to those of a *Kastigar* claim in order to challenge both his sentence and his conviction.[2] (ECF Nos. 208, 356, 434, 435, 516, 589.) He has thus previously asserted a *Kastigar* claim, just not in name, and the reassertion of a repetitive claim challenging his sentence is therefore in violation of Judge Anderson's *Riddle* Order. The court therefore concludes that Defendant has previously made similar legal arguments and that Defendant's citation to *Kastigar* is irrelevant to his assertion of a new meritorious claim. Since this court and the courts of appeals for the Fourth Circuit and Fifth Circuit have already decided that the government did not breach Defendant's plea agreement and that Defendant was properly convicted and sentenced, (*see* ECF Nos. 322, 332, 354, 389, 440, 528, 529, 530, 531, 554, 609, 677, 731, 768); *Miller*, 658 F. App'x at 696, it is clear that the court's June 1, 2017 and June 7, 2017 Orders did not constitute manifest injustice because Defendant's motions are repetitive.

B.     Defendant's *Kastigar* Claims

Even if they are not repetitive, Defendant's *Kastigar* claims are frivolous and thus covered by Judge Anderson's *Riddle* Order because Defendant's testimony was voluntary and because the Fifth Circuit is not a party to the underlying plea agreement and is therefore not restricted from using information obtained pursuant to the plea agreement. "In *Kastigar v. United States*, the Supreme Court concluded the Fifth Amendment Self-Incrimination Clause not only requires the government to provide use and derivative use immunity in exchange for a defendant's *compelled* testimony, but also imposes upon the government the burden of demonstrating that it did not use

---

[2] Defendant cited *Kastigar* and similar case law in a challenge of the Fifth Circuit's use of Defendant's guilty plea and PSR in his Petition for Rehearing before the Fifth Circuit. *See Miller*, 658 F. App'x at 696 (rehearing *en banc* denied); (*see* ECF No. 850-4.)

such testimony either directly or indirectly against the defendant in a subsequent prosecution." *United States v. McHan*, 101 F.3d 1027, 1036 (4th Cir. 1996) (citing *Kastigar v. United States*, 406 U.S. 441, 442, (1972)). Furthermore, a defendant does not benefit from *Kastigar* protections if he voluntarily cooperates with the government. *Id.* (citing *United States v. Camp*, 72 F.3d 759, 761 (9th Cir. 1995); (holding *Kastigar* protections inapposite where cooperation was not compelled but was voluntarily provided pursuant to immunity agreement); *United States v. Eliason*, 3 F.3d 1149, 1152-53 (7th Cir. 1993) (same); *United States v. Roberson*, 872 F.2d 597, 611-12 (5th Cir. 1989)(same)). Here, it is clear that there is no *Kastigar* issue since Defendant's testimony was not compelled but was instead given voluntarily as part of his plea agreement. Additionally, the plea agreement is not binding on the Fifth Circuit, and any argument that the government is in breach of the plea agreement merely because a court order references information in the record that might be subject to use immunity is meritless. Therefore, for these two reasons, Defendant's *Kastigar* claims are both frivolous and meritless and thus not at issue. As a result, the court did not commit a manifest error by concluding that Defendant's eight motions should be denied based on Judge Anderson's *Riddle* Order.

### IV. CONCLUSION

For the reasons set forth above, the court finds that its June 1, 2017 and June 7, 2017 Orders did not constitute manifest injustice and hereby **DENIES** Defendant's Motions for Reconsideration. (ECF Nos. 846, 850.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 20, 2017
Columbia, South Carolina