IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No.: 6:04-cr-00022-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Henry Earl Miller, | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's Motion to Recuse (ECF No. 878) the undersigned. On March 12, 2018, Defendant filed his Motion (ECF No. 878) pursuant to 28 U.S.C. §§ 455(a), (b)(1) and 28 U.S.C. § 144.

"Timeliness is an essential element of a recusal motion. It is explicit in § 144, which requires a 'timely and sufficient affidavit.' It is judicially implied in § 455."[1] *United States v. Owens*, 902 F.2d 1154, 1155 (4th Cir. 1990). Pursuant to 28 U.S.C. § 144, a party seeking recusal must "make[ ] and file[ ] a timely and sufficient affidavit" and the affidavit must be filed "not less than ten (10) days before the beginning of the term at which the proceedings is to be heard." "In general, '[o]ne must raise the disqualification of the . . . [judge] at the earliest moment after knowledge of the facts [giving rise to the need for the judge's recusal].'" *Owens*, 902 F.2d at 1156 (quoting *Satterfield v. Edenton-Chowan Bd. of Educ.*, 530 F.2d 567, 574-75 (4th Cir. 1975)).

The court construes that the event giving rise to Defendant's Motion to Recuse (ECF No. 878) is the undersigned's June 20, 2017 Order (ECF No. 853) denying Defendant's Motions for

---

[1] The timely-filing requirement noted in *Owens* applies to both 28 U.S.C. § 455(a) and (b). *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.,* 748 F.3d 160, 170–71 (4th Cir. 2014).

1

Reconsideration (ECF Nos. 846, 850) on the merits. Defendant moved the court to reconsider its June 1, 2017 and June 7, 2017 Orders (ECF Nos. 836, 842) denying several of Defendant's Motions which were based on the Government's alleged breach of Defendant's Plea Agreement (ECF No. 175).

The court denied Defendant's Motions for Reconsideration (ECF Nos. 846, 850) almost nine (9) months before Defendant filed his Motion to Recuse (ECF No. 878). (ECF No. 853.) In the time between the court's June 20, 2017 Order (ECF No. 853) and Defendant's March 12, 2018 Motion to Recuse (ECF No. 878), Defendant filed several different motions including filing a November 27, 2017 Complaint (ECF No. 878-3) with the Judicial Council of the Fourth Circuit asserting the undersigned's alleged judicial misconduct by not ruling on his Motion to Vacate (ECF No. 819) within a time period satisfactory to Defendant or ruling in Defendant's favor with respect to his Motions for Reconsideration (ECF Nos. 846, 850). Defendant had ample time in which to file a motion to recuse, however, he waited nine (9) months to file his motion which was not the "earliest moment after knowledge of the facts [giving rise to the need for the undersigned's recusal]."[2] *See Owens*, 902 F.2d at 1155; *see also Cameron v. Gen. Motors Corp.,* No. CIV. A. 6:93-1278-3, 1994 WL 159408, at *6 (D.S.C.) (holding that a motion to vacate was not timely filed because Defendant did not file its motion to recuse at the "first opportunity after discovery of the facts," but only did so after filing several other motions and waiting to see the outcome of those

---

[2] To the extent that Defendant also seeks the undersigned's recusal based on the undersigned not yet ruling on Defendant's Motion to Vacate (ECF No. 819), the court comes to the same conclusion. Defendant's Motion to Vacate (ECF No. 819) was filed on March 27, 2017, and since the time of filing Defendant has filed several motions including multiple motions for a ruling (ECF Nos. 838, 867, 873) on Defendant's Motion to Vacate (ECF No. 819). However, Defendant did not file a motion for recusal until March 12, 2018, which was not the earliest moment after knowledge of the facts.

2

motions.) *order vacated in part on other grounds sub nom. In re Gen. Motors Corp.*, No. 94-1011, 1994 WL 914453 (4th Cir. Mar. 23, 1994).

Defendant did not file his Motion to Recuse (ECF No. 878) at the first opportunity after discovery of the facts giving rise to his claim. Therefore, his Motion to Recuse (ECF No. 878) is untimely under both 28 U.S.C. § 144 and 28 U.S.C. § 455. *See Owens*, 902 F.2d at 1155.[3] For this reason, the court **DENIES** Defendant's Motion to Recuse (ECF No. 878).

*J. Michelle Childs*
United States District Judge

June 12, 2018
Columbia, South Carolina

---

[3] *See also In re Martin-Trigona,* 573 F. Supp. 1237, 1244-45 (D. Conn. 1983) ("It must be presumed, in these circumstances, that [Plaintiff] had some knowledge of [the events giving rise to the alleged need for the judge to be recused] as early as June 3, 1983, and that he deferred filing of his motion [to recuse] until [June 15, 1983] shortly before the court heard arguments on major motions (aimed at stopping his form of harassment-by-litigation) so that he could deduce how the court would rule or use the threat of a motion to recuse in order to embarrass or intimidate the court. Accordingly, the motion would be untimely under § 144 (and indeed, under § 455).").

3