# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Henry Earl Miller, ) | |
| ) | |
| Petitioner, ) | Criminal Action No.: 6:04-cr-00022-JMC |
| ) | Civil Action No.: 6:17-cv-00805-JMC |
| ) | |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court pursuant to Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255. (ECF No. 819.) For the reasons stated below, the court **DENIES** Petitioner's Motion to Vacate (ECF No. 819).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2005, Petitioner pleaded guilty to several crimes regarding his involvement in two robberies in South Carolina, and was sentenced to 300 months in prison. (ECF Nos. 179, 220.) Petitioner has filed several Motions to Vacate pursuant to 28 U.S.C. § 2255. (ECF Nos. 325, 362, 422, 542, 577.) On May 7, 2012, Petitioner was enjoined from "filing further frivolous, vexatious, and repetitive claims and motions relating to the validity of his 2005 conviction, including future 28 U.S.C. §§ 2255 and 2241 claims[,]" in accordance with *Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977). (ECF No. 649 at 6.) On March 27, 2017, Petitioner filed another Motion to Vacate pursuant to 28 U.S.C. § 2255. (ECF No. 819.) On May 11, 2017, Respondent responded (ECF No. 826) and filed a Motion to Dismiss (ECF No. 827).

1

## II. LEGAL STANDARD

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. The prisoner is entitled to relief if "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id*. A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either a constitutional or jurisdictional error or a "fundamental defect" resulting in a "complete miscarriage of justice." *Davis v. United State*s, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428 (1962). A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. *See* 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

Pursuant to 28 U.S.C. § 2555(f)(4), a petitioner has one year to file his or her claim from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

A petitioner is able to file a second or successive motion to vacate, but it must be certified by the appropriate United States Court of Appeals and contain new evidence that would "be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Pursuant to *United States v. Hairston*, ". . . a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where, [ ] the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." 754 F.3d 258, 262 (4th Cir. 2014).

### III. ANALYSIS

Petitioner filed the instant Motion to Vacate (ECF No. 819) based on the United States Government's alleged breach of his plea agreement (ECF No. 175). Petitioner asserts that on August 3, 2016, the United States Court of Appeals for the Fifth Circuit used Petitioner's immunized statements to deny him relief under *Rosemond v. United States*, 134 S. Ct. 1240 (2014)[1] which violated his plea agreement pursuant to *Kastigar v. United States*, 406 U.S. 441, 442 (1972).[2] (ECF No. 819-1 at 6, 11.) Petitioner filed his instant Motion to Vacate (ECF No. 819) on March 27, 2017, therefore his Motion is timely because he filed it within one year of the alleged breach of his plea agreement. Additionally, Petitioner's Motion (ECF No. 819) is not successive, but is numerically second because the facts relied on by Petitioner in bringing his claim did not exist when he filed his first motion to vacate in 2008. (*See* ECF No. 325); *see also Hairston*, 754

---

[1] In *Rosemond* the United States Supreme Court held that ". . . the Government makes its case [as to establishing that a defendant aided and abetted in using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime] by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 134 S. Ct. at 1243.

[2] *Kastigar* holds that it is consistent with the Fifth Amendment right against self-incrimination for the government to compel a defendant's testimony in exchange for use and derivative use immunity. 406 U.S. at 462.

3

F.3d at 262. Because Petitioner's Motion is not successive, Petitioner was not required to obtain a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.

The basis of Petitioner's Motion is that the Fifth Circuit used immunized statements to deny him relief under *Rosemond*. (ECF No. 819-1 at 5.) However, the court finds that the Fifth Circuit's use of Petitioner's statements did not violate his plea agreement. Petitioner's Plea Agreement contains a provision in which the parties agree ". . . that any self-incriminating information provided by the Defendant [ ] as a result of the cooperation required by the terms of this agreement, although available to the court will not be used against Defendant [ ] in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines." (ECF No. 175 at 3.) The Fifth Circuit did not determine Petitioner's guideline range for the crimes to which Petitioner pleaded guilty, therefore, there was no violation of Petitioner's plea agreement.[3]

Moreover, there is no *Kastigar* issue in this case, as noted by the court's previous order denying Petitioner's Motions for Reconsideration (ECF Nos. 846, 850) of the court's Orders (ECF Nos. 836, 842) finding that Petitioner's claims were repetitive and related only to the validity of his conviction. (ECF No. 853 at 5-6.) Petitioner's statements were not compelled by the Government, therefore, because Petitioner voluntarily cooperated with the government, *Kastigar* does not apply to Petitioner. *See United States v. McHan*, 101 F.3d 1027, 1036 (4th Cir. 1996) ("Whether the oral use-immunity agreement at issue in this case is subject to the full *Kastigar* protections is doubtful because McHan voluntarily cooperated with the government.").

---

[3] The statements that Petitioner asserts were immunized are statements that are contained in his Presentence Report (ECF No. 215) to which Petitioner did not object (ECF No. 215-1). (*See* ECF No. 819-4.)

## IV. CONCLUSION

For the reasons stated above, the court **DENIES WITH PREJUDICE** Petitioner's Motion to Vacate (ECF No. 819). Further, the court **GRANTS** Petitioner's Motion for an Expedited Ruling on his Motion to Vacate (ECF No. 819) and Petitioner's Fourth Motion for Judicial Ruling on his Motion to Vacate (ECF No. 819). (ECF Nos. 838, 873.) The court also **DENIES AS MOOT** the Government's Motion to Dismiss (ECF No. 827). Additionally, the court **DENIES WITH PREJUDICE** Petitioner's Motion for Summary Judgment (ECF No. 832), Petitioner's Motion for Reconsideration (ECF No. 856), Petitioner's Motion for an Evidentiary and/or *Kastigar* Hearing (ECF No. 859), Petitioner's Motion to Be Notified Why Petitioner is Being Denied Equal Protection Under *Kastigar* (ECF No. 863), and Petitioner's Motion to Grant [his] Motion to Vacate or to Be Released on Bond (ECF No. 867).

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

_/s/ J. Michelle Childs_
United States District Judge

June 12, 2018
Columbia, South Carolina