# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No.: 6:04-cr-00022-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Henry Earl Miller, | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Appointment of Counsel. (ECF No. 858.) Defendant moves for the appointment of counsel pursuant to 18 U.S.C. § 3006A(a). (*Id.* at 1.)

"[Defendants] have no Sixth Amendment right to counsel for collateral proceedings." *United States v. Williamson*, 706 F.3d 405, 418 (4th Cir. 2013). A motion is collateral if it is not a part of a direct appeal of a Defendant's conviction. *Id.* (citing *Collateral Attack*, *Black's Law Dictionary* (9th ed. 2009)). However, the court has the ability to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) as "the court may request an attorney to represent any person unable to afford counsel." But, "there is no absolute right to appointment of counsel [under 28 U.S.C. § 1915 absent] . . . 'exceptional circumstances.'" *Hall v. Holsmith,* 340 F. App'x 944, 946 (4th Cir. 2009) (unpublished opinion) (quoting *Miller v. Simmons,* 814 F.2d 962, 966 (4th Cir. 1987)); *Whisenant v. Yuam,* 739 F.2d 160, 163 (1984), ("The power to appoint [counsel] is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent [litigant] presents exceptional circumstances.") (citation omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa,* 490 U.S. 296 (1989). Exceptional circumstances exist

where "it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it." *Whisenant,* 739 F.2d at 163.

Defendant moves for the appointment of counsel in order that he may make a claim pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017).[1] (ECF No. 858 at 1.) However, the court finds that Defendant's potential claim does not present an exceptional circumstance in which counsel is necessary. Defendant has the capacity to present his claim as he has previously filed several *pro se* motions challenging his sentence and conviction. (*See, e.g.,* ECF Nos. 325, 362, 422, 543, 577.) Defendant is also subject to a *Riddle* Order which "enjoin[s] [Defendant] from filing further frivolous, vexatious, and repetitive claims relating to the validity of his 2005 conviction, including future 28 U.S.C. §§ 2255 and 2241 claims." (ECF No. 649 at 6.) Further, the court notes that Defendant may run afoul of the one-year time limitation enumerated under 28 U.S.C. § 2255(f) in which to file his claim pursuant to *Dean*.

For these reasons, the court **DENIES** Defendant's Motion for Appointment of Counsel (ECF No. 858).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 12, 2018
Columbia, South Carolina

---

[1] In *Dean*, the United States Supreme Court held that "[n]othing in [the language of 18 U.S.C. § 924(c)] prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for [a] predicate offense."