#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### GREENVILE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal Action No. 6:04-cr-00022-JMC-3 |
| | ) | |
| v. | ) | |
| | ) | |
| Henry Earl Miller, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court pursuant to Defendant Henry Earl Miller's ("Petitioner") *pro se*[1] Motion for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651. (ECF No. 1154.) Petitioner contends two (2) of his convictions were wrongfully imposed in violation of the Double Jeopardy Clause of the United States Constitution. (*Id.*) For the reasons set forth below, the court **DENIES** Petitioner's Motion. (ECF No. 1154.)

### I. RELEVANT BACKGROUND

On March 4, 2005, Petitioner pled guilty to two (2) counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and two (2) counts of using of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF Nos. 124, 179.) The indictment charged Petitioner with one (1) count of armed robbery and one (1) count of using a firearm during a crime of violence for his involvement in a robbery at Capitol Bank in Greenville, South Carolina on December 23, 2003; and one (1) count of armed robbery and one (1) count of using a firearm during a crime of violence for his involvement in a robbery at National Bank of South Carolina in Spartanburg, South Carolina on August 5, 2003. (ECF No. 124 at 1–3.) On June 24, 2005, the

---

[1] Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* litigant's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence).

1

Honorable Henry F. Floyd sentenced Petitioner to three hundred (300) months of imprisonment. (ECF No. 220.)

On July 15, 2019, Petitioner filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he asserted that "extraordinary and compelling reasons" existed for his release because his convictions violated the Fifth Amendment's Double Jeopardy Clause and his sentence would have been calculated differently under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  (ECF Nos. 983 at 3, 6; 1002 at 2.)  Defendant then filed a *pro se* "Motion to Waive Double Jeopardy Argument" on July 31, 2020, in which he stated that "after thoughtful consideration and acknowledgement that the present and presiding judicial officer had absolutely nothing to do with [his] sentencing in violation of [t]he Fifth Amendment's Double Jeopardy Clause[,]" he waived the argument "as it relate[d] to his pending 18 U.S.C. 3582(c)(1)(A) Motion[.]"  (ECF No. 1030 at 1.)  Accordingly, the court did not consider this argument in ruling on Petitioner's Motion to Reduce Sentence and related motions.  (*See* ECF No. 1087 at 7.)

On April 16, 2021, in granting Petitioner's Motion for Reconsideration (ECF No. 1094), the court granted Petitioner's request for compassionate release upon finding that Petitioner had shown extraordinary and compelling reasons existed to reduce his sentence.  (ECF No. 1135 at 6.)  Petitioner was released from the custody of the Bureau of Prisons on April 29, 2021.  On August 6, 2021, Petitioner filed the instant Motion for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651 asking the court to dismiss two (2) of his convictions as unconstitutional violations of the United States Constitution's Fifth Amendment Double Jeopardy Clause.  (ECF No. 1154.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1651(a), which states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

## III.     LEGAL STANDARD

"The writ of error coram nobis is an ancient common law remedy that modern federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a)." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)). "Coram nobis is an extraordinary remedy that has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255." *United States v. Howze*, 521 F. App'x 164, 164 (4th Cir. 2013) (quoting *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011)). "As a remedy of last resort, the writ of error coram nobis is granted only where an error is 'of the most fundamental character' and there exists no other available remedy." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (quoting *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)). "The writ is narrowly limited to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *Id.* at 252 (quoting *United States v. Denedo*, 556 U.S. 904 (2009)). "A petitioner seeking this relief must show that '(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" *Akinsade*, 686 F.3d at 252 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

## IV.     ANALYSIS

Petitioner contends that his two (2) convictions for using a firearm in violation of 18 U.S.C. § 924(c) in conjunction with his convictions for armed bank robberies under 18 U.S.C. § 2113(d) violate the Double Jeopardy Clause because they illegally punish him for multiple crimes stemming from the same offense conduct—namely, "collecting money during the armed robberies." (ECF No. 1154 at 3–5.)

The court finds that Petitioner has failed to show a fundamental error as required for granting the extraordinary relief provided by writ of error coram nobis. Indeed, Petitioner has failed to show any error at all because "a conviction under both 18 U.S.C. § 2113(d) [] and § 924(c) for the same offense does not constitute double jeopardy. *United States v. Brice*, 20 F. App'x 155 (4th Cir. 2001). The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be put twice in jeopardy of life or limb." U.S. Const. amend. V. Petitioner is correct that this clause is interpreted to "protect against multiple punishments for the same offense." *United States v. Palacios*, 982 F.3d 920, 924 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2826 (2021) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). "It does not, however, prohibit the legislature from punishing the same act or course of conduct under different statutes." *United States v. Ayala*, 601 F.3d 256, 265 (4th Cir. 2010). Instead, "the Double Jeopardy Clause prevents courts from imposing cumulative sentences *unless Congress intended to authorize such multiple punishment*." *Palacios*, 982 F.3d at 924 (emphasis added). Section 924(c)(1) is such a statute. Where a defendant brandishes a firearm during the course of a crime of violence, § 924(c) explicitly requires the imposition of a seven-year sentence "in addition to" whatever punishment is due for the crime of violence itself. 18 U.S.C. § 924(c)(1)(A)(ii). Thus, Congress made itself

4

unequivocally clear that punishment for violation of that statute was to be imposed in addition to punishment for committing the predicate offense.

Petitioner primarily relies on the test set forth in *Blockburger v. United States*, 248 U.S. 299 (1932), to support his argument that he was wrongfully subject to multiple punishments for the same offense.[2] (ECF No. 1154 at 3–6.) However, the "*Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *Albernaz v. United States*, 450 U.S. 333, 340, (1981). Because § 924(c) clearly imposes cumulative punishment for armed bank robbery in violation of § 2113(d) and use of a dangerous weapon in violation of § 924(c), Petitioner's convictions do not violate the Double Jeopardy Clause. *See United States v. Shavers*, 820 F.2d 1375, 1378 (4th Cir. 1987) ("The amendment makes the punishment imposed by § 924(c) for use of a dangerous weapon additional to the punishment imposed for the crime of violence committed by the use of a deadly weapon."). Moreover, Petitioner was convicted of two (2) counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) arising from two (2) separate robberies, at two (2) different banks, on two (2) distinct occasions. (ECF Nos. 124, 179.) Because Congress expressly provided that courts may impose punishment for a violation of § 924(c) in addition to the punishment imposed for the predicate felony, Petitioner's double jeopardy argument is without merit.

---

[2] Petitioner also cites to a District of New Mexico case wherein a defendant successfully argued that his federal indictment was "multiplicitous." (ECF No. 1154 at 6–7.) The defendant in that case, however, was charged with unlawful possession of a firearm both as a "felon" and an "alien" under 18 U.S.C. §§ 922(g)(1 and (g)(5)(A), respectively. *See United States v. Romero-Leon*, No. CIV 13-0567 WJ/KBM, 2013 WL 12328848, at *1 (D.N.M. Nov. 18, 2013), *rev'd and remanded*, 622 F. App'x 712 (10th Cir. 2015). However, Petitioner was not charged under either of those statutory provisions and, therefore, this holding does not support his double jeopardy claim.

Accordingly, the court declines to issue a writ of error coram nobis on the ground that Petitioner has failed to show any error, much less error "of the most fundamental character" to warrant such relief. *Akinsade*, 686 F.3d at 252.

## V.     CONCLUSION

For the foregoing reasons, the court **DENIES** Petitioner's Motion for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651.  (ECF No. 1154.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 1, 2022
Columbia, South Carolina